1  BINGHAM MCCUTCHEN LLP
   Frank Kaplan (SBN 50859)
2  frank.kaplan@bingham.com
   Kenneth S. Meyers (SBN 99959)
3  ken.meyers@bingham.com
   The Water Garden
4  Suite 2050 North
   1601 Cloverfield Boulevard
5  Santa Monica, California  90404-4082
   Telephone:  310-907-1000
6  Facsimile:  310-907-2000

7  Attorneys for Defendant
   Chartis Specialty Insurance Company
8

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

| 13 | HASA, INC., a California corporation, | Case No. 5:14-cv-00505-SPx |
|---|---|---|
| 14 | Plaintiff, | **STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS** |
| 15 | v. | |
| 16 | STEADFAST INSURANCE COMPANY, a Delaware corporation; CHARTIS SPECIALTY INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 10, inclusive, | **[NOTE CHANGES MADE BY COURT IN ORDER]** |
| 17 | | |
| 18 | Defendants. | |

Plaintiff, Hasa, Inc. ("Hasa"), and defendants, Steadfast Insurance Company ("Steadfast") and Chartis Specialty Insurance Company ("Chartis Specialty"), by and through their respective counsel of record, agree that certain documents, testimony and information to be provided in the above-captioned action (the "Action") may be claimed to contain confidential information (as defined below), the unrestricted disclosure of which would be detrimental to legitimate confidential business or privacy interests and hereby agree as follows:

1.  This Stipulation and Protective Order Re Confidentiality of Discovery Materials ("Protective Order") shall be applicable to and govern "Discovery Materials," which means all discovery materials (documents, interrogatory answers, responses to requests for admissions, responses to subpoenas *duces tecum*, and depositions) produced or obtained from any party or non-party in the course of the Action to the extent such materials qualify for "Confidential" treatment in accordance with this Protective Order.

2.  Any party to this Protective Order may designate as "Confidential" any Discovery Materials that the party believes in good faith satisfies the definition of "Confidential" as described in paragraph 3 of this Protective Order.  Any non-party to this action may designate any discovery material produced by it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Protective Order, upon such non-party's execution of an Acknowledgement and Agreement to be Bound in the form attached to this Protective Order as Exhibit A.  The word "Party" is used in this Protective Order to refer to Plaintiffs, Defendants, and Hasa, Steadfast, Chartis Specialty, and any other party who later appears in this action and becomes bound by the terms of this Protective Order.

3.  The term "Confidential", as used in this Protective Order, means Discovery Materials that the producing Party believes in good faith constitute, contain or would disclose the producing Party's non-public competitive, confidential, proprietary, trade secret, private, or other information of a sensitive nature.

4.  Discovery Materials designated as "Confidential" are referred to in this Protective Order collectively as "Designated Materials."

5.  The designation of Discovery Materials as "Confidential" shall be made in the following manner:

a.  <u>Designation of Documents or Other Written Materials (apart from transcripts of depositions taken in this Action)</u>: The designation as "Confidential" of documents or other written materials (apart from transcripts of depositions taken in this Action) shall be made by affixing (without obscuring or defacing the document) the legend "CONFIDENTIAL" to each page containing any "Confidential" material, or, if impracticable, by otherwise clearly indicating via cover letter or other written communication by the designating Party that the specified materials are "Confidential."

b.  <u>Designation of Electronically Stored Information</u>: Any "Confidential" electronically stored information produced on magnetic disks or other computer-related media shall be designated as such by labeling each disk or other computer-related media "CONFIDENTIAL" prior to production. Electronic or native documents or information shall be similarly labeled, or, if impracticable, by otherwise clearly indicating via cover letter or other written communication by the designating Party that the specified materials are "Confidential." If a receiving Party generates any "hard copy" or printout from any such disks or other computer-related media, or from any such electronic or native documents or information, that Party shall treat such "hard copy" or printout as "Confidential" under the terms of this Protective Order.

c.  <u>Designation of Deposition Testimony and Exhibits</u>: Deposition testimony and any exhibits introduced or discussed during a deposition or other pre-trial testimony (to the extent not already designated "Confidential") shall be designated "Confidential" by oral designation on the record, or by written notice sent by counsel for the designating Party to all Parties within ten (10) days after receiving a copy of the final, hard copy transcript of such deposition, identifying the specific pages and lines of the transcript designated as "Confidential." If a "Confidential" designation is made, counsel for the designating Party shall direct that the legend "Confidential" be affixed to the original and all copies of the transcript. Pending expiration of this ten (10) day period, all Parties shall treat the entire testimony and all exhibits as if such materials had been designated as "Confidential." The Parties may modify this procedure for any

particular deposition through agreement on the record at such depositions without further order of the Court.

6. Designated Materials shall be used by Authorized Recipients (as defined in paragraph 7 below) solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Designated Materials set forth in this Protective Order shall survive the conclusion of this Action, and, after conclusion of this Action, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

7. "Designated Materials," or copies or extracts therefrom or the information therein, may be given, shown, made available to, or communicated only to the following "Authorized Recipients":

(a) The Court;

(b) Court personnel, mediators, and court reporters and videographers recording testimony in this Action;

(c) Counsel of record for the Parties and employees of such counsel to whom it is necessary that the Designated Materials be shown for purposes of the prosecution or defense of this Action;

(d) The Parties, including current and former directors, officers and employees of the Parties and their affiliates (including claims personnel, employed counsel, technical personnel, clerical personnel, and support staff), to whom it is necessary that the Designated Materials be shown for purposes of the prosecution or defense of this Action or the adjustment, management, or administration of the underlying claims asserted against Hasa;

(e) Consultants and experts, and employees of such consultants or experts, assisting counsel in this Action, who have executed the Acknowledgement and Agreement to be Bound in the form attached to this Protective Order as Exhibit A;

(f) Witnesses or deponents (other than witnesses and deponents otherwise covered by (d) above), and their counsel, during the course of depositions or testimony in this Action;

(g) Insurers, reinsurers, and auditors in the ordinary course of a Party's

business;

   (h) Employees of copying, imaging, and computer services vendors retained by the Parties for the purpose of copying, imaging, processing or organizing documents;

   (i) Any other person, upon the prior written agreement of the Party or non-party who designated Discovery Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript) or upon order of the Court.

  8. Any Party designating any Discovery Materials as "Confidential" shall first determine in good faith whether those materials constitute "Confidential" information covered by this Protective Order.  The receiving party may object in good faith to such designation at any time.  If any Party disagrees with another Party's designation, the disagreeing Party must send an objection in writing to the designating Party.  The Parties will then have fifteen (15) days to negotiate an informal resolution of the dispute.  If attempts at an informal resolution of any such dispute prove unsuccessful, the designating Party shall then file with the Court, within fifteen (15) days thereafter, a noticed motion for protection pursuant to the Federal Rules of Civil Procedure.  Failure to do so shall result in the withdrawal of the designation.  The Party, who asserts the confidentiality of any such Designated Materials, shall bear the burden of proving that the Designated Materials are entitled to the protection accorded by this Protective Order.  Any Discovery Materials, the designation of which is subject to such dispute, shall be treated as originally designated, pending resolution and a determination by the Court or agreement to the contrary.

  9. Without written permission from the designating Party or a Court order, a Party may not file in the public record in this action any Designated Materials.  The procedures set forth in Local Rule 79-5 *et seq*. shall govern Designated Materials sought to be filed with the Court.  If a receiving Party's request to file Designated Materials under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party may file the Designated Material in the public record unless (1) the designating Party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

  10. This Protective Order, the fact of its adoption or entry, and any provision of this

Protective Order or form attached to this Protective Order shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Protective Order.

11. Nothing in this Protective Order (a) affects in any way the admissibility of any documents, testimony, or other evidence at trial or used at deposition; (b) restricts the use of documents or information that a Party did not obtain from another Party during the pendency of and in connection with this Action; or (c) prevents disclosure beyond the terms of the Protective Order if the Party designating the Confidential Materials consents to such disclosure, or if the Court orders such disclosure.

12. Nothing in this Protective Order affects the rights of the Party or non-party that produced the Designated Materials to use or disclose them in any way. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties, non-parties, or their attorneys to use or disclose the Designated Materials in violation of the Protective Order, unless they become unprotected or their designation is withdrawn or successfully challenged pursuant to paragraphs 8 of this Protective Order.

13. No Party shall be responsible to another Party for any use made of information produced and not identified by the producing Party as Confidential in accordance with the provisions of this Protective Order.

14. If any Party inadvertently produces Discovery Materials that it determines to be "Confidential," without designating them as such, that Party may provide written notice requesting that the Discovery Materials and all copies thereof be stamped with the appropriate designation. The receiving parties shall comply with the request and treat the inadvertently produced Discovery Materials as "Confidential" pursuant to the terms of this Protective Order, but may then challenge the claim of confidentiality as provided elsewhere in this Protective Order. The inadvertent or unintentional disclosure by the producing Party of Confidential Materials shall not be deemed a waiver, in whole or in part, of the confidential nature of such material. In the case of such an inadvertent production or disclosure of Confidential Materials, a Party receiving such inadvertently disclosed information shall have no liability resulting from any disclosures of such information by the receiving Party occurring prior to being notified that the information has been

designated as Confidential.

15. The inadvertent production of any information in this Action by any Party that the producing Party later claims should have been withheld on grounds of a privilege, including the work product doctrine ("Inadvertently Produced Privileged Material"), will not be deemed to waive any privilege or work product protection. A Party that produced Inadvertently Produced Privileged Material may request the return of any such Material by notifying the Party receiving such Material of the inadvertent disclosure, identifying the Material and providing the basis for the claim of privilege or work product protection. If, pursuant to this paragraph, a Party requests the return of such an Inadvertently Produced Privileged Material then in the custody of one or more Parties, the receiving Parties shall promptly return to the requesting Party or expunge the Inadvertently Produced Privileged Material and all copies thereof and may not use or disclose the claimed privileged or work product protected information in such Material until the claim is resolved. Nothing in this paragraph constitutes a waiver of any Party's right to challenge a producing Party's claim of privilege or work product for any reason, including the manner in which such Material as to which the privilege or work product protection is claimed was produced. After such Material is returned or expunged pursuant to this paragraph, a Party may move the Court for an order compelling production of such Material. Disputing the privileged or work product status of such Material does not alter the receiving Party's obligations with respect to such Material under this Protective Order pending resolution of the dispute.

16. Should any Party bound by this Protective Order receive a subpoena, document request, civil investigation demand, or other process from a third party seeking the production or disclosure of Discovery Materials designated as "Confidential" by someone other than that Party (a "Discovery Request"), the Party receiving the Discovery Request shall promptly give written notice, within ten (10) days if receipt of the Discovery Request, to the Party who designated the information that is sought. The Party receiving any such Discovery Request shall not disclose any Designated Materials in response to the Discovery Request without first providing the designating Party a reasonable opportunity to seek appropriate protective treatment or other relief. It shall be the obligation of the designating Party to obtain an order from an appropriate court to preclude or

restrict production of any Designated Materials.  Nothing in this Protective Order shall be construed as requiring the Party receiving the Discovery Request or anyone else covered by this Protective Order to challenge or appeal any order requiring the production of information or materials covered by this Protective Order, or to subject itself to any penalties for non-compliance with any legal process, or order, or to seek any relief from any court.  The Party receiving the Discovery Request shall continue to abide by the terms of this Protective Order and maintain the confidentiality of any Designated Material sought by the Discovery Request unless and until either (a) the designating Party consents to the production of the Designated Material pursuant to the Discovery Request, (b) the Party receiving the Discovery Request is directed to produce the Designated Material by a court having competent jurisdiction over the dispute and the parties thereto, or (c) the designating Party has failed to obtain an order from the appropriate Court to preclude or restrict production of any requested Designated Material pursuant to the Discovery Request by the date for compliance stated in the Discovery Request.

17. The procedures set forth in this Protective Order shall not affect the rights of the Parties to object to discovery on any grounds other than those related to the confidentiality of the documents, nor shall it relieve a Party of the necessity of proper responses or objections to discovery requests, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate.

18. After the termination of this litigation and the expiration of the time for appeal, all originals and copies of any documents containing Confidential information, and all extracts of such documents, shall be maintained in a manner which will prevent the disclosure of such documents to persons not authorized to see them under the terms of this Protective Order.  This provision does not apply to the Court and imposes no obligation on the Court to alter its chosen procedures for the return or destruction of filed documents.

19. This Protective Order may only be modified by written agreement of the Parties, subject to the approval of the Court, or by the Court.

1  DATED: September_____, 2014       REED SMITH

2

3                                                                          By: _____
                                                                                  David Halbreich
4                                                                                 Attorneys for Plaintiff, Hasa, Inc.

5
    DATED: September_____, 2014       SELMAN BREITMAN LLP
6

7
                                                                            By: _____
8                                                                                  Jan Pocaterra
                                                                                   Attorneys for Defendant Steadfast Insurance
9                                                                                  Company

10

11  DATED: September_____, 2014       BINGHAM MCCUTCHEN LLP

12

13                                                                          By: _____
                                                                                   Frank Kaplan
14                                                                                 Attorneys for Defendant Chartis Specialty
                                                                                   Insurance Company
15

16

17                                               **ORDER**

18       Based on the foregoing stipulation, and good cause appearing therefor, IT IS SO

19  ORDERED, with the following amendment: Any motion for protection filed as provided in

20  paragraph 8 shall comply with Local Civil Rule 37, including the joint stipulation requirement.

21  DATED:  October 20, 2014                  _____/s/_____
                                                                               The Honorable Sheri Pym
22                                                                             United States Magistrate Judge

23

24

25

26

27

28

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEAD FAST INSURANCE COMPANY, a Delaware corporation; CHARTIS SPECIALTY INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5-14-cv-00505-MMM-SPx<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS** |

I, the undersigned, declare as follows:

1. I have read in its entirety the STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS ("Order") entered by The Honorable Margaret Morrow, United States District Judge, in this lawsuit, and know the contents thereof.

2. I understand the terms of the Order, and I agree to comply with and to be bound by all such terms.

3. I specifically understand and agree that I shall not use or disclose in any manner any information or item that is the subject of the Order to any person or entity except in strict compliance with the provisions of the Order.

4. I submit to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of any proceeding to enforce the terms of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201__, at _____.

| | |
|---|---|
| 1 | By: _____ |
| 2 | Signature |
| 3 | |
| 4 | Name: _____ |
| 5 | Individual |
| 6 | |
| 7 | Entity/Business: _____ |

-2-
STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS
A/76311465.1                                                                                     DRAFT 10/20/14 3:19PM